| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>KARINA PIA LUCID, ESQ., LLC<br>1065 Route 22 W<br>Suite 2B<br>Bridgewater, New Jersey 08807<br>Tel:     (908) 350-7505<br>Email: klucid@karinalucidlaw.com<br><br>Karina Pia Lucid, Esq.<br>*Counsel for the Debtor(s), Paul Dolengo* |
| In Re:<br><br>       Paul Dolengo,<br><br>Debtor(s) |

Case No.:    23-20473 (RG)

Chapter:    13

Judge:    Hon. Rosemary Gambardella

## **AFFIRMATION IN SUPPORT OF MOTION TO AVOID LIENS**

KARINA PIA LUCID, an attorney duly admitted to practice before this Court, affirms the following under the penalty of perjury:

1.    I am the attorney for Paul Dolengo, the above captioned debtor (the "**Debtor**"), and I am fully familiar with the facts and circumstances surrounding this case.

2.    I make this affirmation in support of the Debtor's application for the entry of an Order **declaring that (a)** the secured debt owed to creditor(s) with junior liens on the Debtor's real properties known as 45 Jackson Avenue, Pompton Plains, New Jersey 07444 ("**45 Jackson**") **and** 263 Boulevard Pompton Plains, New Jersey 07444 ("**263 Boulevard**" and together with 45 Jackson, the "**Properties**") as may be set forth by any proof of claim filed by or on behalf of these creditors, shall be deemed either partially secured, to the extent such claim is able to be paid through a sale of the Property, or wholly unsecured; **(b)** pursuant to 11 U.S.C. §§ 506(d) and 522(f), the liens relating to such claim(s) are void; **and (c)** pursuant to 11 U.S.C. §§ 1322(b)(1)

and 1322 (b)(5), any proof of claim filed by or on behalf of any of these creditors, or relating to these debts, shall be allowed as a non-priority general unsecured claim.

3. The Debtor filed a petition for relief under Chapter 13 on November 9, 2023. The Debtor had a prior case number 23-18462 (RG), that was filed on September 28, 2023 and dismissed prior to confirmation

4. The Debtor is an individual and resides at 263 Boulevard. The Debtor holds title to the Properties in fee simple.

5. Upon information and belief, there are mortgage liens and judicial lines against both 45 Jackson and 263 Boulevard, as follows:

| Secured Creditor | Priority of Claim | Nature of Claim | Property Encumbered | Amount |
| --- | --- | --- | --- | --- |
| AEJ Properties (successor in interest to GISIT Solutions LLC fka Kondaur Capital LLC) ("AEJ") | 1st | Mortgage | 263 Boulevard | $535,600.00 |
| Anthony Foglia & John Horsely ("Folgia & Horsely") | Either 1st or 2nd | Mortgage | 45 Jackson | $316,797.94 |
| Lester Wolfson ("Wolfson") | Either 1st or 2nd | Mortgage | 45 Jackson | $316,246.45 |
| MBK Holdings ("MBK") | Junior | Judgment | 263 Boulevard & 45 Jackson | $505,044.50 |
| American Express ("AmEx") | Junior | Judgment | 263 Boulevard & 45 Jackson | $110,168.46 |
| Joseph Kovach ("Kovach") | Junior | Judgment | 263 Boulevard | $40,000.00 |
| State of NJ Department of Labor, Div. of Wage and Hour Compliance ("SONJ DOL") | | Tax Lien | 263 Boulevard | $19,681.42 |

2

| William and Mary Fennelly ("Fennelly") | Junior | Judgment | 263 Boulevard & 45 Jackson | $9,082.00 |
| Bala Partners, LLC ("Bala") | | Tax Lien | 263 Boulevard | $390.05 |

6. As of December 14, 2023, pursuant to a good faith and arm's length offer to purchase, 45 Jackson was valued at $465,000.00. A copy of the Sale Motion and supporting documents can be found at Docket Entry ("**DE**") No. 24 and are incorporated herein by reference.

7. As of today, March 27, 2024, 263 Boulevard has been listed for sale for over three (3) months and today the Debtor received and accepted an offer (the "**Offer**"), which of course is subject to Court approval, an offer to purchase 263 Boulevard for $839,000.00. A copy of the Offer is annexed hereto as **Exhibit A**.

## Lien Avoidance Under 11 USC § 506(a) and (d)

8. Pursuant to § 506(a) of the Bankruptcy Code, a claim is allowed as secured only to the extent of the value of property upon which the lien is fixed. The remainder of the claim is considered unsecured.

9. The total amount due on the first and second mortgage liens, the claims of Foglia & Horsely and Wolfson (together, the "**Senior Secured Liens**"), against 45 Jackson is at least $551,213.00, while the purchase price of the property is $465,000.00. The broker's fee and other administrative fees (together "Costs of Sale") are expected to exceed $46,000.00[1]. As such, there is no equity in the property to secure the judgment liens filed by MBK, AmEx, Kovach, Bala, SONJ DOL, or Fennelly (together, the "**Junior Secured Claimholders**"), and therefore all of said claims are fully unsecured with respect to 45 Jackson and should be avoided.

---

[1] Any additional administrative expenses not paid by the proceeds from the Sale will be paid from the balance on hand for the Debtor's chapter 13 plan.

3

10. Accordingly, pursuant to § 506(a) of the Bankruptcy Code and Rule 3012 of the Federal Rules of Bankruptcy Procedure, the Junior Secured Claimholders are wholly unsecured because the Senior Secured Liens exceed the purchase price of the 45 Jackson property. Accordingly, the full amount of the judgments and liens held by the Junior Secured Claimholders cannot be allowed as secured and must be deemed fully unsecured pursuant to 11 U.S.C. § 1322(b)(1).

### **Avoidance of Judicial Liens Under 11 USC § 522(f)**

11. This Court should enter an order avoiding the Judicial Liens encumbering 263 Boulevard, which is, and at all relevant times has been, the Debtor's primary residence.

12. 11 U.S.C. § 522(f) provides, in relevant part, as follows:

> (f) (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523 (a)(5)[.]
>
> ****
>
> (2) (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of —
>
> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(1)(A) and (2)(A).

4

13. The total amount due to AEJ, the first priority secured mortgage holder on 263 Boulevard, is $535,600.00. The expected Costs of Sale exceed $53,000.00. The highest and best offer received by the Debtor for 263 Boulevard, which will be presented for approval by separate Motion, is $839.00.00, which leaves only $250,000.00 in equity to be paid to any junior lienholders. The combined Junior Lien Claimholders hold claims in excess of $675,000.00.

14. The existence of the Judicial Liens on 263 Boulevard impair exemptions to which the Debtor would be entitled under 11 U.S.C. § 522(b) (the "Homestead Exemption").

15. The Junior Secured Claimholder's liens on 263 Boulevard should therefore be avoided and treated as general unsecured claims to the extent they are unprotected by equity and impair the Debtor's right to the Homestead Exemption.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order pursuant to 11 U.S.C. §§ 506(a), 506(d), 522(f), 1322(b)(1) and 1322(b)(5) declaring that: (a) the claims of the Junior Secured Claimholders be deemed unsecured to the extend they exceed the value of the Properties and they impair the Homestead Exemption; and (c) the Court grant such other, further and different relief as it deems just, proper and equitable.

Dated: March 27, 2024
      Bridgewater, NJ                                   __/s/ Karina Pia Lucid_____
                                                            Karina Pia Lucid, Esq.
                                                            Karina Pia Lucid, Esq., LLC
                                                            1065 Route 22 West, Suite 2B
                                                            Bridgewater, NJ 08807
                                                            Telephone: 908.350.7505
                                                            klucid@karinalucidlaw.com
                                                            *Attorneys for Debtor*